IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Carson,

      Plaintiff,              Case No. 2:08-cv-00653

  v.                                 JUDGE GRAHAM

Patterson Dental Supply, Inc.,      MAGISTRATE JUDGE ABEL

      Defendant.

OPINION AND ORDER

This matter is before the court on plaintiff's motion to compel discovery and request for continuance of summary judgment proceedings pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. In this action, plaintiff alleges that defendant terminated him from employment on the basis of race in violation of Ohio Rev. Code §§ 4112.02 and 4112.99, and that defendant engaged in wage discrimination on the basis of race in violation of Ohio Rev. Code § 4111.17.

The matter was originally filed in the Franklin County Court of Common Pleas in May 2008, but was removed to this court in July 2008. A preliminary pretrial conference was held before a magistrate judge of this court on August 28, 2008, and on the next day the magistrate judge entered a preliminary pretrial order, which provided, inter alia, that the parties would participate in the March 2009 settlement week, and that "[a]ll discovery must be completed by **April 24, 2009**." A subsequent pretrial order indicated that the parties would not participate in the March 2009

1

settlement week, but would participate in the June 2009 settlement week.  On June 1, 2009, counsel for the parties participated in a telephone conference with the magistrate judge and requested that the June 2009 settlement week mediation notice be cancelled.

During the June 1, 2009 telephone conference, counsel for plaintiff asked that defendant be ordered to respond to two written discovery requests he served two weeks before the April 24, 2009 discovery deadline.  In an order titled, "Order Cancelling Settlement Week Mediation," which was filed on June 1, 2009, the magistrate judge cancelled the June 2009 settlement week mediation and denied plaintiff's oral motion to compel discovery.  As to the motion to compel discovery, the order states:

> During the conference, plaintiff asked that defendant be ordered to respond to two written discovery requests he served two weeks before the April 24, 2009 discovery deadline.  Plaintiff did not seek an extension of the discovery deadline before it expired.
>
> Plaintiff's counsel said that when he was reviewing depositions taken in early April he realized that he needed additional information to support Carson's wage discrimination claim.  He then served requests for the salaries of the 3-4 people who had held the Ohio Operations Manager position and for 10-12 people employed as Operations Managers in the region.  Defendant refused to provide the information because the discovery was not served in time to be completed by the April 24 deadline for completing all discovery.
>
> Plaintiff's counsel could not explain why this information, which would be the foundation of a claim for wage discrimination, was not served earlier.  Given that plaintiff did not timely move either to extend the discovery deadline or shorten the 30 day period to respond to written discovery requests, the orally made motion to compel is DENIED.
>
> Plaintiff first raised this issue with defendant's counsel during the June 1 telephone conference. Defendant is in the process of preparing a motion for

> summary judgment for filing by the June 26 deadline. Granting the motion to compel would require reopening discovery since the wages paid other Operations Managers would not be dispositive. The qualifications of the other Operations Managers, their job experience, the duties of each Operations Manager position, the length of time each person held the position, any negotiations regarding salary, the race of each person holding the position, and the like would likely be relevant. The August 29, 2008 Preliminary Pretrial Order clearly stated that "[a]ll discovery must be completed by **April 24, 2009.**"

On June 26, 2009, defendant filed a motion for summary judgment as to plaintiff's claims against it for wrongful termination and wage discrimination. On July 19, 2009, plaintiff filed a memorandum in opposition to the motion for summary judgment. The next day, plaintiff filed the pending motion to compel discovery and request for continuance of summary judgment proceedings. Subsequently, a telephone scheduling conference with the magistrate judge was held regarding plaintiff's July 20, 2009 motion. Shortly after this conference, the magistrate judge issued an order that provided alternative schedules, dependent on the resolution of the instant motion, regarding the summary judgment proceedings, and noted that defendant would not have to file a reply brief supporting its motion for summary judgment until after plaintiff's July 20, 2009 motion is fully resolved.

In support of the pending motion, plaintiff argues that defendant improperly failed to produce, upon his request, evidence relating to the salaries of branch operations managers in the region where he was employed, as well as the salaries of the other Columbus branch office employees. Defendant argues, inter alia, that plaintiff waived his right to file the instant motion pursuant to Fed. R. Civ. P. 72, and that plaintiff is not entitled to an

3

order compelling discovery because he failed to follow the Federal Rules of Civil Procedure regarding discovery.

As a preliminary matter, the court notes that plaintiff, in support of his pending motion, cites the efforts that were taken to try to resolve the discovery dispute without court action. Plaintiff also asserts that the magistrate judge incorrectly stated in the June 1, 2009 order that the issue concerning discovery was first raised with defendant's counsel during the June 1, 2009 telephone conference.

Plaintiff's counsel has filed an affidavit in which he outlines the time-line of events relating to the discovery dispute. The affidavit states that plaintiff's counsel submitted discovery requests on March 3, 2009 to defendant's counsel, "by way of interrogatories #24 and #25 requesting information on the salaries of the regional branch operation managers in David Carson's region as well as the salaries of the other employees in David Carson's Columbus branch office." The affidavit further states that when defendant's counsel informed plaintiff's counsel that plaintiff had exceeded his allotted number of interrogatories, plaintiff's counsel sent a production of documents request on April 12, 2009, which requested this information in document format. On May 5, 2009, defendant's counsel sent a letter to plaintiff's counsel informing him that responsive documents would not be provided because the request was untimely in view of the discovery deadline of April 24, 2009. Plaintiff's counsel challenged this untimeliness determination by letter dated May 14, 2009. Lastly, defendant's counsel reaffirmed its position by letter dated May 22, 2009. Plaintiff's counsel raised the issue, by oral motion, with the magistrate judge at the telephone conference on June 1, 2009.

The record demonstrates that plaintiff in good faith conferred with defendant in an attempt to obtain the requested discovery without court action. Such action by a litigant is required under Fed. R. Civ. P. 37 before a party may move for an order compelling discovery. But the satisfaction of this prerequisite has no bearing on whether the motion otherwise has merit. Furthermore, although plaintiff suggests error in view of the magistrate judge's reference to when "[p]laintiff first raised this issue with defendant's counsel," he presents no explanation for why this purported error precludes a finding that the magistrate judge properly denied his request. The magistrate judge's reference to "this issue" appears to be in reference to defendant's decision to request court action in compelling discovery; however, even if it was not, the magistrate judge provided additional, independent reasoning to support the denial of plaintiff's motion to compel. For the reasons that follow, the court concludes that the magistrate judge correctly determined that plaintiff is not entitled to an order compelling discovery.

In analyzing the merit of plaintiff's requests, the court will first address defendant's argument that, pursuant to Fed. R. Civ. P. 72, plaintiff waived any right to file the pending motion to compel discovery. Rule 72(a) provides a mechanism for a litigant to challenge a magistrate judge's order regarding a nondispositive matter. The rule states that "[a] party may serve and file objections to the order within 10 days after being served with a copy." When an objection is made to such an order, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." However, "a party may not thereafter assign as

error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P. 72(a).

In the case at bar, the magistrate judge issued an order denying plaintiff's oral request to compel discovery. It is undisputed that plaintiff did not timely object to this order pursuant to Rule 72(a). Defendant argues that the lack of a timely objection to the order bars further consideration of plaintiff's request for an order compelling discovery. Plaintiff argues that Rule 72(a) does not operate to bar the current motion. Plaintiff contends that the order denying the oral request to compel discovery was "actually an order cancelling settlement week mediation," and that the pending motion is a motion to compel, not an objection to the order cancelling settlement week mediation. Additionally, plaintiff suggests that he did not file an objection to the magistrate judge's order because the order made reference to defendant's preparation of a motion for summary judgment, and because he was preparing a "formal motion to compel" relative to the requested discovery. Plaintiff also notes that the order did not advise him of the ten-day language contained in Rule 72(a). According to plaintiff, the absence of a reference to the ten-day requirement of the rule in the order demonstrates an intent on the part of the magistrate judge not to have the rule apply to the order.

The court does not agree with plaintiff's reasoning for why Rule 72(a) should not apply here. Plaintiff is correct that the order denying the oral request for a motion to compel is titled, "Order Cancelling Settlement Week Mediation." However, the fact that the document's heading identifies it as addressing the scheduled settlement week mediation did not somehow preclude the

magistrate judge from indicating his decision on another pretrial matter or negate the fact that the magistrate judge expressly denied the oral motion to compel in the order. Plaintiff's pending motion in effect challenges the magistrate judge's decision to deny the oral motion to compel. In this way, it operates as an objection to the magistrate judge's order.

Also, the court finds as unpersuasive plaintiff's assertion that the magistrate judge's reference to defendant's stated intent to file a summary judgment motion by the dispositive motions deadline of June 26, 2009, explains plaintiff's delay in challenging the denial of the motion to compel. If anything, the reference should have demonstrated to plaintiff the importance of him timely objecting. Not only did plaintiff not comply with Rule 72(a), he filed the pending motion after defendant filed its motion for summary judgment and he filed a response to the motion for summary judgment.

Although plaintiff suggests that Rule 72(a) does not preclude his pending motion because the order did not advise him that any objection was required to be filed within 10 days after service of a copy of the order, he provides no authority for this assertion. Even though not cited by plaintiff, the court does note that the Sixth Circuit Court of Appeals, in United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981), applied its "supervisory power" to hold, in regard to a magistrate judge's proposed findings of fact and recommendations on a dispositive matter, that "a party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived." The Walters court did not state whether the absence of such advisory language would preclude the application of the waiver doctrine to an untimely objection.

7

Furthermore, the matter in the case at bar is nondispositive, whereas the Walters case involved a dispositive matter. Nonetheless, even if plaintiff's pending motion is not barred by operation of Rule 72(a), it lacks merit.

At the heart of plaintiff's motion to compel is his contention that defendant wrongfully refused to comply with his discovery requests dated March 3, 2009, and April 12, 2009. Plaintiff's March 3, 2009 request included interrogatories numbered as "24" and "25", both of which concerned the salaries of employees of defendant. Fed. R. Civ. P. 33(a)(1) provides in part that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Defendant contends that, even though the interrogatories that were served on March 3, 2009, were numbered 24 through 29, plaintiff had already served 25 interrogatories. Defendant has provided the court with copies of documents, namely plaintiff's first, second, and third set of interrogatories, that together support this contention. Plaintiff does not challenge this contention. Pursuant to Rule 33(a)(1), a party may seek leave to serve more than 25 interrogatories or seek a stipulation permitting such action. Thus, a party is not necessarily limited to serving only 25 interrogatories. But in this case there is no suggestion that defendant stipulated to the additional interrogatories or that plaintiff sought leave to serve additional interrogatories. For these reasons, the court finds that it was not improper for defendant not to provide the information requested in the March 3, 2009 request. Consequently, plaintiff is not

8

entitled to an order compelling defendant to answer the additional interrogatories.

By his request that was served on April 12, 2009, plaintiff sought the production of documents reflecting salary information regarding certain employees of defendant. This document request was served 12 days before the date by which discovery was to be completed, April 24, 2009. Fed. R. Civ. P. 34(b)(2)(A) provides that the party to whom a document request is directed must respond within 30 days after being served, unless this period of time is shortened or lengthened by stipulation or order of the court. Thus, under this rule, a party has 30 days in which to respond to a document request, unless this time period is appropriately modified.

In view of the discovery deadline of April 24, 2009, the document request only provided defendant with 12 days to respond, which was inconsistent with the time period permitted for response under Rule 34(b)(2)(A). As recognized by the magistrate judge, plaintiff did not timely move either to extend the discovery deadline or shorten the 30-day period to respond to written discovery requests. Plaintiff now argues that it would have been relatively easy for defendant to produce the requested information. But plaintiff could have presented this argument before the discovery deadline, if he had requested to shorten the 30-day period to respond to written discovery requests. Or plaintiff could have timely moved to extend the discovery deadline to the extent necessary. Plaintiff chose not to make these requests before the discovery deadline. Because the discovery deadline date was before the expiration of the 30-day response period provided under Rule 34(b)(2)(A), defendant was not required to produce the

requested documents and plaintiff was not entitled to the documents.

Plaintiff fares no better under Rule 56(f), which provides the "mechanism for a plaintiff and the courts to give effect to the well-established principle that 'the plaintiff must receive "a full opportunity to conduct discovery" to be able to successfully defeat a motion for summary judgment.' " Short v. Oaks Corr. Facility, 129 F. App'x 278, 281 (6th Cir. 2005) (quoting Ball v. Union Carbide Corp., 385 F.3d 713, 719 (6th Cir. 2004)). Rule 56(f) states as follows:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

Plaintiff essentially argues that he was not provided a full opportunity to conduct discovery because defendant wrongfully did not comply with his discovery requests. This argument for relief under Rule 56(f) is not persuasive because, as determined above, defendant did not improperly fail to respond to plaintiff's discovery requests. Thus, the court finds that plaintiff has not demonstrated that he is entitled to relief under Rule 56(f).

For the foregoing reasons, the court resolves that because

plaintiff is not entitled to a motion to compel discovery, the magistrate judge properly denied this request.  Furthermore, plaintiff is not entitled to relief under Rule 56(f). Accordingly, the court DENIES plaintiff's motion to compel discovery and request for continuance of summary judgment proceedings (Doc. No. 23).

It is so ORDERED.

                                            s/ James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

Date: September 25, 2009